ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
AMI SANGHVI, SBN 4407672 (NY)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (415) 522-3071
Fax No. (415) 522-3425
ami.sanghvi@eeoc.gov
*Attorneys for Plaintiff EEOC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DIGNITY HEALTH, d/b/a MERCY MEDICAL CENTER, REDDING<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Alina Sorling. As alleged with greater particularity in the Statement of Claims below, Defendant, Dignity Health d/b/a Mercy Medical Center, Redding, violated the ADA by subjecting Sorling, a blind employee, to disability discrimination when it failed to provide readily available reasonable accommodations that would have enabled her to return to a Food Service Technician position that she held successfully for ten years prior to becoming disabled. Defendant also violated the ADA by relying on discriminatory qualification standards that unlawfully screened Sorling out of employment opportunities. As a result, Defendant discriminatorily terminated Sorling's employment.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This

1  action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act

2  of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of

3  Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant

4  to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5      2.   Defendant's corporate headquarters is in San Francisco, CA, which is within the jurisdiction

6  of the United States District Court for the Northern District of California.

7                                **PARTIES**

8      3.    Plaintiff, the Equal Employment Opportunity Commission (EEOC or Commission), is the

9  federal agency charged with the administration, interpretation, and enforcement of Title I of the

10  ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C.§

11  12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §

12  2000e-5(f)(1) and (3).

13      4.   At all relevant times, Defendant Dignity Health has been operating Mercy Medical Center,

14  an acute care hospital, in Redding, CA.  At all relevant times, Defendant has continuously been an

15  employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA,

16  42 U.S.C. § 12111(5), (7).

17      5.   At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA,

18  42 U.S.C. § 12111(2).

19                        **ADMINISTRATIVE PROCEDURES**

20      6.    More than thirty days prior to the institution of this lawsuit, Alina Sorling filed a charge with

21  the Commission alleging that Defendant discriminated against her in violation of the ADA.

22      7.   By letter dated October 17, 2017, the Commission issued to Defendant a Determination

23  finding reasonable cause to believe that Defendant violated the ADA.

24      8.   On November 8, 2017, the EEOC invited Defendant to join with the EEOC in informal

25  methods of conciliation to endeavor to eliminate the discriminatory practices and provide

26  appropriate relief.

27      9.   The EEOC communicated with Defendant to provide Defendant the opportunity to remedy

1   the discriminatory practices described in the EEOC's Determination letter.

2       10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the

3   Commission.

4       11. By letter dated April 19, 2018, the EEOC issued to Defendant notice that efforts to conciliate

5   were unsuccessful and that further conciliation efforts would be futile or non-productive.

6       12. All conditions precedent to the institution of this lawsuit have been fulfilled.

7                                    **STATEMENT OF CLAIMS**

8       13. Alina Sorling began working for Defendant as a Food Service Technician in the Nutrition

9   Service Department on February 23, 2004.

10      14. Upon hire, Defendant administered physical tests to measure Sorling's endurance.

11  Defendant did not test Sorling's vision. During her ten-year tenure as a Food Service Technician,

12  Defendant never tested Sorling's vision.

13      15. The Nutrition Services Department employs Food Service Technicians in the cafeteria at

14  Mercy Medical Center to perform various jobs, including patient and visitor food preparation,

15  cleaning and sanitizing equipment and the cafeteria, dishwashing, and/or operating the cash register.

16      16. For ten years, Sorling successfully worked in various Food Service Technician positions.

17  Sorling worked in positions involving, among other tasks, grilling food, operating the cash register

18  and stocking and cleaning the cafeteria.

19      17. In or around February 2014, Sorling lost almost all vision in both eyes due to an illness.

20      18. Since at least February 2014, Sorling has been substantially limited in major life activities,

21  including but not limited to, seeing.

22      19. Since at least January 2015, Sorling has been a qualified individual with a disability under

23  sections 3 and 101(8) of the ADA, 42 US.C. §§ 12102 and 12111(8).

24      20. Beginning in or around February 2014, Sorling was on unpaid leave to rehabilitate after her

25  illness.  During her leave, Sorling worked with the California Department of Rehabilitation Services

26  (DOR) to adapt to her disability.

27      21. Since at least June 2014, the DOR has provided training and tools to assist Sorling to live

independently, including nonvisual techniques to work safely in a kitchen and food service environments.

22. Respondent has known that Sorling is blind since at least January 2015.

23. In or around January 2015, Sorling first met with Defendant representatives about returning to work as a Food Service Technician.

24. In or around February 2015, Sorling met with Defendant's HR Director and Nutrition Department Director to discuss reassuming a Food Service Technician position, including two open positions.

25. During a February 2015 meeting with Defendant's representatives, Sorling confirmed that her doctor did not medically restrict her ability to return to work.

26. As early as February 2015, Sorling explained to Defendant that the DOR provided tools and devices that enabled Sorling to function in her home kitchen and that the DOR would also help to facilitate her return to work.

27. As early as February 2015, Sorling asked Defendant to allow the DOR to provide an analyst to perform a workplace assessment to recommend job-specific accommodations. Sorling informed Defendant that the DOR would pay for the analyst.

28. In or around March 2015, Defendant denied Sorling's request to allow the DOR-funded analyst to perform a workplace accommodation assessment.  Defendant offered no alternatives to the workplace assessment.

29. Between February and May 2015, Sorling notified Defendant about potential accommodations that would enable her to perform the essential functions of the Food Service Technician position, including, but not limited to, a talking digital thermometer, a talking cash register, a bar code scanner, a talking credit card terminal, and an iPhone enabled with software applications for item recognition.  She also suggested that Defendant speak directly with the DOR analyst to learn about additional accommodations.

30. Accommodations existed, additional to those proposed by Sorling, that would have enabled her to safely perform the essential functions of a Food Service Technician position, such as hot oil

guards, raised markers for the oven dial to indicate the temperature setting, a talking meat thermometer, a talking food scale, a talking microwave oven, and a microwave oven marked in braille.

31. Defendant rejected Sorling's proposals and did not propose any alternatives to accommodate Sorling.

32. Defendant failed to engage in a good faith interactive process to identify and failed to implement a myriad of reasonable accommodations that would have enabled Sorling to perform the essential functions of the Food Service Technician position.

33. By letter dated June 9, 2015, Defendant informed Sorling that they could not accommodate her based on her vision impairment and terminated her employment.

34. Defendant failed to accommodate Sorling so she could either reassume the Food Service Technician position or be reassigned to another vacant position for which she was qualified, in violation of Sections 102 (a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A).

35. Since at least January 2015, Defendant has claimed that it requires accurate near and far vision, defined as 20/40 vision for the Food Service Technician position.

        a.   Defendant's vision requirement is a standard or criteria that has the effect of discriminating on the basis of disability in violation of Sections 102(a) and 102(b)(3)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(3)(A).

        b.   Defendant's vision requirement is a qualification standard, employment test, or other selection criteria that screens out or tends to screen out individuals with disabilities and is not job-related and consistent with business necessity in violation of Sections 102(a) and 102(b)(6) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(6).

36. Defendant's 20/40 vision requirement is a qualification standard for the Food Service Technician position that Sorling could not meet because of her disability.  Defendant's imposition of the 20/40 vision requirement was not job-related or consistent with business necessity.  Defendant violated Sections 102(a) and 102(b)(3)(A) and (b)(6) of Title I of the ADA, 42 U.S.C. §§ 12112(a)

and 12112(b)(3)(A) and (b)(6), when it terminated Sorling's employment because she does not have 20/40 vision.

37. Defendant discharged Sorling because of her disability in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) by:

    a.  Applying the 20/40 vision requirement selectively to Sorling when she presented as a blind employee seeking to reassume her role as a Food Service Technician, while not applying the same vision requirement to sighted employees; and

    b.  Concluding that Sorling's vision impairment prevented her from safely performing the essential functions of any position at Defendant despite the availability of reasonable and effective accommodations

38. The effect of the practices complained of in paragraphs 13 through 37 above has been to deprive Alina Sorling of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

39. The unlawful employment practices complained of in paragraphs 13 through 37 above were intentional.

40. The unlawful employment practices complained of in paragraphs 13 through 37 above were done with malice or with reckless indifference to the federally protected rights of Alina Sorling.

## **PRAYER FOR RELIEF**

Wherefore the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Dignity Health, its officers, servants, employees, attorneys, all persons in active concert or participation with it, and successors, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Dignity Health to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Dignity Health to make whole Alina Sorling by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

1     necessary to eradicate the effects of its unlawful employment practices, including but not

2     limited to front pay.

3    D.  Order Defendant to make whole Alina Sorling by providing compensation for past and future

4     pecuniary losses resulting from the unlawful employment practices described in paragraphs

5     13 through 40 above, including job search and medical expenses, in amounts to be

6     determined at trial.

7    E.  Order Defendant to make whole Alina Sorling by providing compensation for past and future

8     nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13

9     through 40 above, including emotional pain, suffering, inconvenience, loss of enjoyment of

10    life, and humiliation, in amounts to be determined at trial.

11   F.  Order Dignity Health to pay punitive damages for its malicious and reckless conduct, as

12    described in paragraphs 13 through 40 above, in amounts to be determined at trial.

13   G.  Grant such further relief as the Court deems necessary and proper in the public interest.

14   H.  Award the Commission its costs of this action.

15   I.  The Commission requests a jury trial on all questions of fact raised by this Complaint.

16  Dated: July 11, 2018       Respectfully submitted,

JAMES L. LEE

17                Deputy General Counsel

18

GWENDOLYN YOUNG REAMS

19                Associate General Counsel

20

ROBERTA L. STEELE

21                Regional Attorney

22

MARCIA L. MITCHELL

Supervisory Trial Attorney

23

*/s/ Ami Sanghvi*

24                AMI SANGHVI, Senior Trial Attorney

Equal Employment Opportunity Commission

25                San Francisco District Office

450 Golden Gate Avenue, 5th Fl. W., POB 36025

26                San Francisco, CA 94102

27                Attorneys for Plaintiff