1  TIMOTHY ELDER (CA BAR NO. 277152)
2  **TRE Legal Practice**
   4226 Castanos Street
3  Fremont, CA 94536
   Telephone:     (410) 415-3493
4  Facsimile:      (415) 952-9898
   Email:          telder@trelegal.com
5
6  SCOTT LABARRE (appearance *pro hac vice*)
   **LaBarre Law Offices**
7  1660 South Albion Street, Suite 918
   Denver, Colorado 80222
8  Telephone:     (303) 504-5979
   Facsimile:      (303) 758-6150
9  Email:          slabarre@labarrelaw.com
10
   Attorneys for Plaintiff-Intervenor
11 ALINA SORLING
12
13            UNITED STATES DISTRICT COURT
14          NORTHERN DISTRICT OF CALIFORNIA
15
16 U.S. EQUAL EMPLOYMENT              | Case No. 3:18-cv-04135-CRB
   OPPORTUNITY COMMISSION,            |
17                                    |
                    Plaintiff,        | **Complaint in Intervention for Damages**
18                                    | **and Injunctive Relief for Violations of**
          v.                          | **the Americans with Disabilities Act of**
19                                    | **1990, 42 U.S.C. § 12101, *et seq*.;**
   DIGNITY HEALTH, d/b/a MERCY        | **California's Fair Employment and**
20 MEDICAL CENTER, REDDING,           | **Housing Act, Cal. Gov't Code § 12940, *et***
                                      | ***seq*.; California's Unfair Business**
21                 Defendants.        | **Practices Act, Cal. Bus. & Prof. Code §**
                                      | **17200, *et seq*.; and California Public**
22                                    | **Policy**
23
24                                    | **JURY TRIAL DEMANDED**
25
26
27
28

Plaintiff-Intervenor Alina Sorling complains and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action to correct and obtain relief from Dignity Health for unlawful acts that infringed Plaintiff-Intervenor Alina Sorling's civil rights. These unlawful acts, which are more particularly alleged in the Statement of Claims below, include discrimination in hiring, failure to reasonably accommodate, failure to engage in the interactive process, and use of discriminatory qualification standards that unlawfully screened out employees with disabilities. They constitute violations of the Americans with Disabilities Act of 1990 (ADA), violations of the Civil Rights Act of 1991, violations of Section 504 of the Rehabilitation Act of 1973 ("Section 504"), violations of California's Fair Employment and Housing Act (FEHA), unlawful business practices in violation of California's Unfair Business Practices Act, and violations of California's public policy.

2.  Alina Sorling was employed by Dignity Health as a Food Service Technician for ten years before she became blind. Rather than engage in the interactive process and provide her with readily available reasonable accommodations that would have enabled her to return to her position, Dignity Health relied on discriminatory qualification standards that unlawfully screened her out of employment opportunities, relied on false assumptions and subjective beliefs about the capacity of blind people to safely work in a class of jobs, and proceeded to unlawfully terminate her employment as a result.

3.  Ms. Sorling seeks declaratory and injunctive relief, compensatory, general, and punitive damages, reasonable attorneys' fees and costs, as well as other appropriate relief as determined by this court, for Dignity Health's violations of her rights.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345, and 2201. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), and Section 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2), both of which incorporate by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.§ 2000e-5(f)(1) and (3), and

1    pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2  5.  This Court has supplemental jurisdiction over Plaintiff-Intervenor's state law claims pursuant
3       to 28 U.S.C. § 1367(a). Plaintiff-Intervenor's state law claims all share common operative facts
4       with her federal law claims, and the parties are identical. Resolving all state and federal
5       claims in a single action serves the interests of judicial economy, convenience, and fairness to
6       the parties.

7  6.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because
8       some of the events giving rise to Plaintiff-Intervenor's claims occurred in this District, and
9       because Defendant's corporate headquarters is in San Francisco, California, which is within
10      the jurisdiction of this District.

11                                        **PARTIES**

12 7.  Plaintiff-Intervenor Alina Sorling is a person with a disability under Title I of the ADA, the
13      FEHA, and other federal and state disability nondiscrimination laws. She also has a record of
14      disability within the meaning of those laws. She is informed and believes, and thereon alleges,
15      that Defendant also regarded her as disabled within the meaning of those laws.

16 8.  Sorling is also an otherwise qualified person within the meaning of state and federal disability
17      nondiscrimination laws, including the ADA and FEHA.

18 9.  Sorling is a "person aggrieved" under 42 U.S.C. §2000e-5(f)(1), as incorporated by 42 U.S.C. §
19      12117(a).

20 10. At all relevant times, Defendant Dignity Health has been operating Mercy Medical Center,
21      an acute care hospital, in Redding, California. At all relevant times, Defendant has
22      continuously been an employer engaged in an industry affecting commerce under Sections
23      101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

24 11. At all relevant times, Defendant has had more than 500 employees and has been a covered
25      entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

26 12. At all relevant times, Defendant has been an "employer" under the FEHA, Cal. Gov't Code
27      § 12926(d).

28 13. At all relevant times, Defendant has been a recipient of federal financial assistance under

                                        — 2 —

Section 504, 29 U.S.C. § 794(b)(3)(A)(ii).

14. All of the acts and failures to act alleged herein were duly performed by and attributable to Defendant.

## ADMINISTRATIVE PROCEDURES

15. On January 15, 2016, Plaintiff-Intervenor Alina Sorling timely filed a charge with the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC"), cross-filed with the California Department of Fair Employment and Housing ("DFEH"), alleging that Defendant discriminated against her because of her disability, in violation of the ADA, Section 504, and FEHA. On March 4, 2016, the DFEH issued a right to sue letter that tolled all state claims while the EEOC continued its investigation.

16. By letter dated October 17, 2017, the Commission issued to Defendant a Determination finding reasonable cause to believe that Defendant violated the ADA.

17. On November 8, 2017, the EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

18. The EEOC communicated with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the EEOC's Determination letter.

19. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

20. By letter dated April 19, 2018, the EEOC issued to Defendant notice that efforts to conciliate were unsuccessful and that further conciliation efforts would be futile or non-productive.

21. On July 11, 2018, the Commission initiated this lawsuit.

22. All conditions precedent to Sorling's intervention in this action have been fulfilled.

## STATEMENT OF CLAIMS

23. Alina Sorling began working for Defendant as a Food Service Technician in the Nutrition Service Department on February 23, 2004.

24. Upon hire, Defendant administered physical tests to measure Sorling's endurance. Defendant did not test Sorling's vision. During her ten-year tenure as a Food Service Technician,

1   Defendant never tested Sorling's vision.

2   25. The Nutrition Services Department employs Food Service Technicians in the cafeteria at

3   Mercy Medical Center to perform various jobs, including patient and visitor food

4   preparation, cleaning and sanitizing equipment and the cafeteria, dishwashing, and/or

5   operating the cash register.

6   26. For ten years, Sorling successfully worked in various Food Service Technician positions.

7   Sorling worked in positions involving, among other tasks, grilling food, operating the cash

8   register, and stocking and cleaning the cafeteria.

9   27. In or around February 2014, Sorling lost almost all vision in both eyes due to an illness.

10  28. Since at least February 2014, Sorling has been substantially limited in major life activities,

11  including, but not limited to, seeing.

12  29. Since at least January 2015, Sorling has been a qualified individual with a disability under

13  Section 504, 29 U.S.C. §§ 794(a) and 705(20)(F), under sections 3 and 101(8) of the ADA, 42

14  US.C. §§ 12102 and 12111(8), and similarly qualified under the FEHA, Cal. Gov't Code §§

15  12926(f), (m), and (p).

16  30. Beginning in or around February 2014, Sorling was on unpaid leave to rehabilitate after her

17  illness. During her leave, Sorling worked with the California Department of Rehabilitation

18  Services (DOR) to adapt to her disability.

19  31. Since at least June 2014, the DOR has provided training and tools to assist Sorling to live

20  independently, including nonvisual techniques to work safely in a kitchen and food service

21  environments.

22  32. Defendant has known that Sorling is blind since at least January 2015.

23  33. In or around January 2015, Sorling first met with Defendant's representatives about returning

24  to work as a Food Service Technician.

25  34. In or around February 2015, Sorling met with Defendant's HR Director and Nutrition

26  Department Director to discuss reassuming a Food Service Technician position such as one

27  of the two then-open positions.

28  35. In or around February 2015, Plaintiff-Intervener had greater union seniority than the two

— 4 —

INTERVENOR COMPLAINT [3:18-CV-04135-CRB]

applicants who were selected to fill the open Food Service Technician positions that Sorling sought.

36. During a February 2015 meeting with Defendant's representatives, Sorling confirmed that her doctor did not medically restrict her ability to return to work.

37. As early as February 2015, Sorling explained to Defendant that the DOR provided tools and devices that enabled Sorling to function in her home kitchen and that the DOR would also help to facilitate her return to work.

38. As early as February 2015, Sorling asked Defendant to allow the DOR to provide an analyst to perform a workplace assessment to recommend job-specific accommodations. Sorling informed Defendant that the DOR would pay for the analyst.

39. In or around March 2015, Defendant denied Sorling's request to allow the DOR-funded analyst to perform a workplace accommodation assessment. Defendant offered no alternatives to the workplace assessment.

40. Between February and May 2015, Sorling notified Defendant about potential accommodations that would enable her to perform the essential functions of the Food Service Technician position, including, but not limited to, a talking digital thermometer, a talking cash register, a bar code scanner, a talking credit card terminal, and an iPhone enabled with software applications for item recognition. She also suggested that Defendant speak directly with the DOR analyst to learn about additional accommodations.

41. Accommodations existed, additional to those proposed by Sorling, that would have enabled her to safely perform the essential functions of a Food Service Technician position, such as hot-oil guards, raised markers for the oven dial to indicate the temperature setting, a talking meat thermometer, a talking food scale, a talking microwave oven, and a microwave oven marked in braille.

42. Defendant rejected Sorling's proposals and did not propose any alternatives to accommodate Sorling.

43. Defendant failed to engage in a timely, good faith, interactive process to identify or implement effective reasonable accommodations that would have enabled Sorling to perform

— 5 —

the essential functions of the Food Service Technician position, in violation of the FEHA, Cal. Gov't Code § 12940(n).

44. By letter dated June 9, 2015, Defendant informed Sorling that they could not accommodate her based on her vision impairment and terminated her employment.

45. Defendant asserted, without any objective or medical evidence, that the Food Service Technician position requires accurate near and far vision in order to avoid significant risk of substantial harm to employees or others, and that such risk cannot be eliminated or reduced by reasonable accommodation.

46. Defendant failed to accommodate Sorling so she could either reassume the Food Service Technician position or be reassigned to another vacant position for which she was qualified, in violation of Sections 102 (a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A), both directly and as incorporated by Section 504, 29 U.S.C. § 794(d), and in violation of the FEHA, Cal. Gov't Code §§ 12940(a)(1), (m)(1).

47. Since at least January 2015, Defendant has claimed that it requires accurate near and far vision, defined as 20/40 vision, for the Food Service Technician position.

48. Defendant's vision requirement is a standard or criteria that has the effect of discriminating on the basis of disability in violation of Sections 102(a) and 102(b)(3)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(3)(A), both directly and as incorporated by Section 504, 29 U.S.C. § 794(d).

49. Defendant's vision requirement is a qualification standard, employment test, or other selection criteria that screens out or tends to screen out individuals with disabilities and is not job-related and consistent with business necessity in violation of Sections 102(a) and 102(b)(6) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(6), both directly and as incorporated by Section 504, 29 U.S.C. § 794(d).

50. Defendant's 20/40 vision requirement is a qualification standard for the Food Service Technician position that Sorling could not meet because of her disability. Defendant's imposition of the 20/40 vision requirement was not job-related or consistent with business necessity. Defendant violated Sections 102(a) and 102(b)(3)(A) and (b)(6) of Title I of the ADA,

1    42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(6), both directly and as incorporated by Section

2    504, 29 U.S.C. § 794(d), when it terminated Sorling's employment because she does not have

3    20/40 vision.

4    51.   Defendant discharged Sorling because of her disability in violation of Section 102(a) of Title I

5    of the ADA, 42 U.S.C. § 12112(a), both directly and as incorporated by Section 504, 29 U.S.C. §

6    794(d), and the FEHA, Cal. Gov't Code § 12940(a)(1), by:

7    a)  Applying the 20/40 vision requirement selectively to Sorling when she presented as a

8    blind employee seeking to reassume her role as a Food Service Technician, while not

9    applying the same vision requirement to sighted employees; and

10   b)  Concluding that Sorling's vision impairment prevented her from safely performing the

11   essential functions of any position at Defendant despite the availability of reasonable and

12   effective accommodations.

13   52.   The effect of the practices complained of in paragraphs 23 through 51 above has been to

14   deprive Alina Sorling of equal employment opportunities and otherwise adversely affect her

15   status as an employee because of her disability.

16   53.   The unlawful employment practices complained of in paragraphs 23 through 51 above were

17   intentional.

18   54.   The unlawful employment practices complained of in paragraphs 23 through 51 above were

19   done with malice or with conscious or reckless indifference to the protected rights of Alina

20   Sorling.

21   55.   The unlawful employment practices complained of in paragraphs 23 through 54 above

22   constitute unlawful or unfair business practices in violation of Cal. Bus. & Prof. Code § 17200,

23   *et seq.*

24   56.   The unlawful acts complained of in paragraphs 23 through 55 above constitute a violation of

25   the California public policy barring employers from discriminating against employees

26   because of disability, as demonstrated by the FEHA and the Unfair Business Practices Act.

27   57.   As a direct and proximate result of the unlawful acts complained of in paragraphs 23 through

28   56 above, Sorling has suffered and continues to suffer the loss of her primary employment

— 7 —

INTERVENOR COMPLAINT [3:18-CV-04135-CRB]

and source of income, including lost wages, employment benefits, and other compensation, in an amount to be proven at trial.

58. As a direct and proximate result of the unlawful acts complained of in paragraphs 23 through 56 above, Sorling has suffered and continues to suffer injuries, including emotional injuries.

59. Sorling is entitled to restitution, compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

60. Sorling is informed and believes, and thereon alleges, that Defendant denies the allegations complained-of herein.

61. No plain adequate, or complete, remedy at law is available to Sorling to redress the wrongs complained-of herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff-Intervenor Alina Sorling respectfully requests that this Court:

62. Issue a declaration of the rights and duties of the respective parties.

63. Grant a permanent injunction enjoining Dignity Health, its officers, servants, employees, attorneys, all persons in active concert or participation with it, and successors, from engaging in any employment practice that discriminates on the basis of disability.

64. Order Dignity Health to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

65. Grant such other injunctive relief as may be appropriate.

66. Order Dignity Health to make restitution to Sorling by providing appropriate back pay, including wages, salary, employment benefits, and other denied or lost compensation, with prejudgment interest, in amounts to be determined at trial, and any additional restitution necessary to eradicate the effects of its unlawful business practices, as cumulatively permitted under Cal. Bus. & Prof. Code §§ 17205 and 17206.1(d).

67. Order Dignity Health to make Sorling whole by providing appropriate back pay, including wages, salary, employment benefits, and other denied or lost compensation, with

prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay, as permitted under 42 U.S.C. § 2000e-5(g)(1).

68. Order Defendant to make whole Alina Sorling by providing compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 23 through 56 above, including job search and medical expenses, as permitted by Cal. Civ. Code §§ 3281–3283, with prejudgment interest as permitted by Cal. Civ. Code § 3288, in amounts to be determined at trial.

69. Order Defendant to make whole Alina Sorling by providing compensatory damages for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 23 through 56 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, as permitted by Cal. Civ. Code §§ 3281–3283, with prejudgment interest as permitted by Cal. Civ. Code § 3288, in amounts to be determined at trial.

70. Order Dignity Health to pay Sorling exemplary and punitive damages, as permitted without limitation under Cal. Civ. Code § 3294(a), and as permitted with limitation under 42 U.S.C. § 1981A, with prejudgment interest as permitted by Cal. Civ. Code § 3288.

71. Award Sorling her reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action.

72. Award Sorling post-judgment interest.

73. Grant such further relief as the Court deems necessary and proper.

74. Sorling requests a jury trial on all questions of fact raised by this Complaint.

INTERVENOR COMPLAINT [3:18-CV-04135-CRB]

1

2  DATED: September 8, 2018                Respectfully submitted,

3

4                                          TRE LEGAL PRACTICE

5

6                                          /S/ Timothy Elder

7                                          Timothy Elder
                                           *Attorney for Plaintiff-Intervenor*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTERVENOR COMPLAINT [3:18-CV-04135-CRB]