1   ROBERTA L. STEELE, SBN 188198 (CA)
    MARCIA L. MITCHELL, SBN 18122 (WA)
2   AMI SANGHVI, SBN 4407672 (NY)
    U.S. EQUAL EMPLOYMENT
3   OPPORTUNITY COMMISSION
    San Francisco District Office
4   450 Golden Gate Avenue, 5th Fl. W.,
    POB 36025
5   San Francisco, CA  94102
    Telephone No. (415) 522-3071
6   Email: ami.sanghvi@eeoc.gov

7   *Attorneys for Plaintiff EEOC*

ANTHONY L. MARTIN, Bar No. 8177 (NV)
anthony.martin@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Wells Fargo Tower, Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:     702.369.6800
Facsimile:     702.369.6888

*Attorney for Defendant (pro hac vice)*

DANIELLE OCHS, SBN 178677 (CA)
danielle.ochs@ogletree.com
CHAMBORD V. BENTON-HAYES,
SBN 278970 (CA)
chambord.benton-hayes@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone: 415.442.4810
Facsimile: 415.442.4870

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>           Plaintiff,<br><br>and<br><br>ALINA SORLING,<br><br>           Plaintiff-Intervenor,<br><br>      vs.<br><br>DIGNITY HEALTH, d/b/a MERCY MEDICAL CENTER, REDDING,<br><br>           Defendant. | Case No.:  3:18-cv-04135-CRB<br><br>PROPOSED CONSENT DECREE |

## I.       INTRODUCTION

A.       On July 11, 2018, Plaintiff, Equal Employment Opportunity Commission (EEOC), filed this action pursuant to Title I of the Americans with Disabilities Act of 1990 (ADA) and Title I of the Civil Rights Act of 1991.  (ECF No. 1)  Plaintiff alleged that Defendant, Dignity Health d/b/a Mercy Medical Center, Redding (the "Defendant") violated the ADA when it failed to provide readily available reasonable accommodations that would have enabled Alina Sorling to return to a Food Service Technician position that she held successfully for ten years prior to becoming disabled. Plaintiff also alleged that Defendant violated the ADA by relying on discriminatory qualification standards that unlawfully screened Sorling out of employment opportunities.  Further, Plaintiff alleged that Defendant discriminatorily terminated Sorling's employment. The EEOC brought the lawsuit to provide monetary and make whole relief to Sorling and to obtain appropriate injunctive relief.  (*See* ECF No. 1)

B.       On September 8, 2018, Sorling filed a Complaint in Intervention against Defendant seeking damages and injunctive relief. Sorling alleged that Defendant engaged in discrimination in hiring, failure to reasonably accommodate, failure to engage in the interactive process, and use of discriminatory qualification standards in violation of the Americans with Disabilities Act, the California Fair Employment and Housing Act, California's Unfair Business Practices Act and California Public Policy.  (*See* ECF No. 25)

C.       Defendant answered the EEOC's Complaint and Sorling's Complaint in Intervention on September 25, 2018 and November 27, 2018, respectively.  (*See* ECF Nos. 29, 34)  Defendant denied the allegations in both Complaints.

D.       The EEOC and Defendant (hereinafter the "Parties") want to conclude fully and finally all claims arising out of the above action in order to reach an amicable resolution of this matter and to avoid expenditure of further resources and expenses in contested litigation and enter into this Consent Decree to resolve the EEOC's Complaint.

In consideration of the mutual promises made by the Parties, the sufficiency of which is hereby acknowledged, it is therefore ORDERED, ADJUDGED AND DECREED that

## II.      GENERAL PROVISIONS

A.      This Court has jurisdiction over the subject matter and the parties to *EEOC v. Dignity Health d/b/a Mercy Medical Center, Redding*.  Venue is proper in this district because the alleged discrimination occurred in Redding, California.

B.      This Consent Decree shall become effective upon its entry by the Court.

C.      Each party shall bear its own costs and attorney fees.

## III.      SCOPE OF CONSENT DECREE

A.      This Consent Decree constitutes a full resolution of all claims in the EEOC's complaint in Civil Action No. 4:18-cv-04135-CRB and the underlying charge of discrimination filed with the EEOC by Sorling alleging discrimination on the basis of disability.

B.      This Decree applies to Defendant's Mercy Medical Center Redding location. However, written policy changes required pursuant to this Decree will be applied to the following North State facilities which include: Mercy Medical Center Redding, Mercy Medical Center Mt. Shasta, and St. Elizabeth.  *See infra*, Sections V.B and V.C.

C.      This Consent Decree does not affect the EEOC's right to process any charges that may be pending before the agency that are not covered by this Decree or future charges that may be filed against Defendant, its subsidiaries or related entities and does not affect the EEOC's right to seek relief and/or commence civil actions on any such charges.

D.      This Decree is final and binding upon Defendant, its parents, subsidiaries, affiliates, officers, directors, agents, management, human resources personnel, successors and assigns relating to the Mercy Medical Center Redding location.

E.      Dignity Health shall provide prior written notice to any potential purchaser of its businesses, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, about this lawsuit, the allegations raised in the complaints, and the existence and contents of this Consent Decree during the term of this Consent Decree.

///

///

2

**IV.     INJUNCTION AGAINST DISABILITY DISCRIMINATION**

     **A.     Disability Discrimination**

Defendant, its officers, directors, agents, management, human resources staff, successors, and assigns relating to the Mercy Medical Center Redding location, are hereby enjoined from any present or future violations of the ADA that include:

     1.     Denying a qualified individual with a disability a reasonable accommodation absent undue hardship or direct threat;

     2.     Failing to engage in an interactive discussion with an applicant or employee with a disability to determine the availability of reasonable accommodations to enable the applicant or employee to perform the essential functions of a job or to apply for a job, including failing to gather sufficient information from the applicant or employee and qualified experts, as needed, such as vocational or occupational rehabilitation specialists, medical professionals and advocacy organizations, to determine the availability and feasibility of accommodations;

     3.     Failing to conduct an individualized assessment, including, as needed, consideration of information provided by an applicant or employee from vocational or occupational rehabilitation specialists, treating physicians and the most recent current medical and best available objective information to determine whether an individual poses a direct threat to self or others, and failing to consider whether the threat can be eliminated by providing a reasonable accommodation;

     4.     Taking an adverse action, including discharge, against an employee based on a conclusion that the employee cannot safely perform a job without first conducting a direct threat analysis as required by 29 C.F.R. §1630.2(r);

     5.     Rejecting an accommodation as unfeasible without first conducting a complete undue hardship analysis as requested by 29 C.F.R. §1630.2(p);

     6.     Imposing qualification standards that screen out or tend to screen out individuals with a disability without objective evidence that the qualification standard is job-related and consistent with business necessity, i.e., a predictive correlation between the qualification standard and the successful performance of essential job functions, and without determining whether the job

3

can be performed by providing the employee with a reasonable accommodation.

## V.     SPECIFIC INJUNCTIVE RELIEF

### A.     Food Service Technician Job Description

Within ten (10) days of entry of this Decree, Defendant shall remove from its Food Service Technician position descriptions the qualification standard requiring "normal, 20/40 near and far vision."

### B.     EEO Policy Revisions

Within sixty (60) days of entry of this Decree, Defendant shall revise, as necessary, Defendant's North State Human Resources Policy Manual.  Throughout the duration of this Decree, Defendant's Human Resources Policy Manual shall:

1.     Require Defendant to cooperate with applicants and employees in order to conduct an individualized assessment relying on, as needed, the most current medical knowledge or the best available objective evidence, as to whether and to what extent an applicant or employee is able to perform the essential functions of their job with or without a reasonable accommodation.

2.     Require Defendant when filling vacant positions to provide written notification to applicants, including employees utilizing seniority to transfer, of the existence and availability of its reasonable accommodation process. Additionally, those employees at Defendant's Mercy Medical Center Redding location involved in onboarding new hires who have requested an accommodation will not permanently fill the proffered position until the reasonable accommodation process has been completed.

3.     Set forth a detailed reasonable accommodation process that requires Defendant to gather sufficient information from applicants, employees and qualified experts, as needed, to identify reasonable accommodations that will enable the applicant or employee to perform the essential job functions of their position.  At a minimum, the process shall include conferring with the applicant or employee to determine the job duties affected by the disability and the accommodations, and, as needed, discussing the employee's proposed accommodations with proposed third party resources for determining how to identify appropriate accommodations, i.e., identifying subject-matter

experts, such as vocational or occupational rehabilitation specialists, disability rights organizations, the Job Accommodation Network (https://askjan.org/) and medical professionals, who can assist with the interactive process.

4. Require Defendant to consult with or obtain information from a resource proposed by the applicant or employee unless doing so would impose an undue hardship on Defendant's business operations. If Defendant rejects a resource proposed by the applicant or employee, Defendant shall notify the applicant or employee in writing about the reasons for the rejection and shall propose a practical alternative.

5. Explicitly define a process requiring Defendant to consider the factors outlined in ADA regulations, 29 CFR §1630.2(p), before concluding that an accommodation poses an undue hardship, and requiring Defendant to determine undue hardship on a case-by-case basis.

6. Explicitly define a process requiring Defendant to consider the factors mandated by 29 CFR §1630.2(r) before concluding that an individual poses a direct threat to self or others.

7. Require Defendant's Human Resources officials to memorialize in writing all ADA related matters specifically, reasonable accommodation, undue hardship and direct threat determinations and to retain all associated records throughout the duration of this Decree.

8. In the event that Defendant concludes that identified accommodations are not available, and before terminating the requesting employee's employment or rejecting an applicant, Defendant may, as needed, contact the Job Accommodation Network (JAN) (www.askjan.org ) or other disability advocacy organization as a resource to request information about the applicant or employee's particular disability and receive assistance from JAN or other disability advocacy organization in identifying potential accommodations that may be available.

9. Establish a process for applicants and employees to appeal Defendant's rejection of their requests for accommodation. Specifically, before taking an adverse action against an applicant or employee based on a medical condition or disability which may or may not affect their ability to perform the essential functions of their job, Defendant shall inform an applicant or employee

in writing of: (1) the impairment it contends is at issue, (2) the essential functions it contends are affected by the disability; and (3) the basis for its decision, including, the specific reasons for determining that an accommodation is an undue hardship or nature of the safety risk.  Defendant shall give the applicant or employee an opportunity to appeal the decision to Defendant's Human Resources Director.

10.     Implement a process, after granting an accommodation, requiring Defendant to follow-up with the employee within three (3) months of implementation of the accommodation and at least every six (6) months thereafter or sooner, depending on the nature of the accommodation, to ensure that the accommodation(s) are and/or remain effective.  Defendant shall maintain a written record of these consultations throughout the duration of the Decree.

Defendant shall submit the proposed policy revisions to the EEOC for its review and comments within thirty (30) days of entry of this Decree.  The EEOC will provide its response, if any, within fourteen (14) days of receipt.   Defendant shall not revise any EEO policies for its North State region related to the ADA, reasonable accommodations, direct threat or undue hardship determinations without first notifying the EEOC in writing and providing the EEOC an opportunity to review and comment on the proposed revisions.  It shall not be a violation of this Decree for Defendant to change other language within its policies or to change the numbering of sections within the policies affected by this Decree.

**C.     Dissemination of Revised Policies to Employees**

Within seventy-five (75) days after the entry of this Decree, Defendant shall send notice in writing to all North State region employees advising them of their rights under the ADA, informing them how to request a reasonable accommodation and how to appeal denials of reasonable accommodation requests, and outlining the changes to the EEO policies.  Defendant shall provide a copy of this notice to the EEOC for review and consideration at least fourteen (14) days before dissemination to its employees.  The EEOC will provide its comments, if any, within seven (7) days.

**D.     Policies Designed to Promote Accountability**

Within seventy-five (75) days after entry of this Decree, Defendant shall adopt and disseminate

performance policies and standards that evaluate Human Resources personnel regarding their compliance with EEO policies and procedures, and which expressly hold them accountable for engaging in the interactive process to identify accommodations, considering legally-mandated factors for making direct threat and undue hardship determinations, and maintaining a workplace free of discrimination, harassment and retaliation.  Supervisors, managers, Human Resources personnel and recruiters shall be notified that violations of Dignity Health's anti-discrimination policies and procedures shall result in appropriate discipline up to and including termination.  In addition, managers and supervisors shall be advised of their obligation to report, prevent and correct any discrimination, harassment or retaliation they observe or become aware of in the workplace, and that a failure to take action may result in disciplinary action up to and including termination.  Defendant shall provide a copy of the revised performance standards fourteen (14) days before dissemination to Human Resources employees.  The EEOC will provide its response, if any, within seven (7) days of receipt.

### E.      EEO Training

Dignity Health shall provide, at its own cost, separate EEO trainings for non-management employees and for its legal department, managers and Human Resources personnel, specifically covering the ADA and reasonable accommodations in the workplace.

### (1)      Non-Management Training

Within one hundred eighty (180) days of entry of this Decree, and annually, throughout the duration of this Decree thereafter, Defendant shall conduct at least a one (1) hour training program for all non-management employees working in its Mercy Medical Center Redding location utilizing Defendant's preexisting online learning management system concerning the ADA and Defendant's obligation to comply with the provisions of this Consent Decree. The training syllabus must incorporate the following:

1.      Defendant's duties under the ADA particularly the duty to provide reasonable accommodations for individuals with a disability absent an undue hardship or direct threat;

2.      Defendant's revised EEO procedures for assessing reasonable accommodation requests, including the appeals process;

3. A discussion of various forms of reasonable accommodations, including, but not limited to, scenarios involving accommodating people who are blind or visually impaired;

4. The presentation of specific case scenarios demonstrating how the interactive process should work;

5. The provisions of the ADA prohibiting retaliation, including specific notification that retaliation for requesting an accommodation or complaining about the accommodation provided violates the ADA and will not be tolerated by Defendant;

6. EEOC guidance on the ADA and its administration;

7. The right to file a complaint with an outside agency such as the EEOC or the California Department of Fair Employment and Housing.

The non-management training shall be conducted by a third-party with the background, skill and ability to educate Defendant's employees about the ADA. The training shall be accompanied by written materials covering the ADA topics, policies and procedures discussed within this section.

Defendant will provide the same or similar non-management training, covering the topics listed in paragraphs E(1)1-7 above, using Defendant's preexisting online learning management system within ten (10) days of the start date of a new employee hired.

**(2)** **Training for Officials Making Reasonable Accommodation, Undue Hardship and Direct Threat Determinations**

Within one hundred eighty (180) days of entry of this Decree, and annually, throughout the duration of this Decree thereafter, Defendant shall provide a two (2) hour, live, in-person training for the first two years of the Decree and then a one (1) hour refresher training in the third year of the Decree for Defendant's Legal Department, Managers, Supervisors, Human Resources officials, and all other individuals responsible for making reasonable accommodation, undue hardship or direct threat determinations for the Mercy Medical Center Redding.

The training shall include the following:

1. Defendant's duties under the ADA, particularly the duty to provide reasonable accommodations for applicants and employees with disabilities absent an undue hardship or direct

8

threat and the duty to conduct an individualized assessment in determining whether an applicant or employee is entitled to an accommodation.

2.     ADA regulations mandating Defendant to take specific steps before concluding that an applicant or employee, due to medical condition or related symptoms, poses a direct threat, i.e., that Defendant must assess (1) the duration of risk, (2) the nature and severity of the potential harm, (3) the likelihood that the potential harm will occur, and (4) the imminence of the potential harm relying on current medical or objective evidence before concluding that there are no accommodations available that will eliminate the risk.  Defendant shall provide instructions for how to gather, analyze, and memorialize the medical or objective information required to conduct a direct threat analysis.

3.     ADA regulations specifying the factors that Defendant must assess to determine whether an accommodation would impose an undue hardship, and instructions for how to gather relevant data, analyze it, and memorialize both the information and the analysis.

4.     Defendant's revised EEO procedures for assessing a request for a reasonable accommodation.

5.     A discussion of various types of reasonable accommodations, including, but not limited to, scenarios accommodating people who are blind or visually impaired and, as needed, information regarding the Job Accommodation Network, https://askjan.org/ and scenarios demonstrating how the interactive process should work.

6.     The provisions of the ADA prohibiting retaliation, including specific notification that retaliation for requesting an accommodation or complaining about the accommodation provided violates the ADA and will not be tolerated by Defendant.

7.     The training will further inform each participant that he or she is responsible for knowing and complying with the reasonable accommodation provisions contained in Defendant's revised EEO policies and may be disciplined for non-compliance.

8.     EEOC guidance on the ADA and its administration.

Defendant shall, within sixty (60) days of hire or within ninety (90) days of the entry of this Decree, provide the training described in Section V.E for each new Mercy Medical Center Redding

employee who is involved in determining whether an applicant or employee is entitled to reasonable accommodation, is a direct threat and/or whether a requested reasonable accommodation poses an undue hardship.  Such training may be accomplished by having these new employees review a video training covering the same topics listed in paragraphs V.E(2)1-8 above, as long as Defendant arranges a question and answer session for the new hire at the conclusion of the video.

The training required by this section shall be conducted by a third-party with expertise in implementing the ADA and with demonstrated background and experience in identifying and providing reasonable accommodations and conducting direct threat and undue hardship analyses.  This training shall not be conducted by Defendant's in-house counsel.  The training shall be accompanied by written training materials covering the topics outlined in this section.

### (3)    Disability Awareness Training

Defendant shall require the current Director of Human Resources of Mercy Medical Center Redding to attend an eight (8) hour immersion training program focused on teaching them first-hand how blind people accomplish tasks through nonvisual means.

Defendant must arrange for and complete the training within ninety (90) days of entry of this Decree.

Defendant shall rely on a third party non-profit agency with the background, skill, and ability to provide the training such as the National Federation of the Blind's Colorado Center for the Blind, located in Littleton, CO, the LightHouse for the Blind and Visually Impaired, located in San Francisco, CA, or the Society for the Blind, located  in Sacramento, CA.  Dignity Health will bear the cost for the Disability Awareness Training.

## VI.    EEOC ADVANCE REVIEW OF TRAINING MATERIALS

Defendant shall submit the identity and resume of trainers and training materials for each program described in Sections V.E(1), E(2) and E(3) above to the EEOC for its review and comments no later than sixty (60) days after entry of this Decree.  The EEOC will provide feedback within thirty (30) days of receipt.

/ / /

## VII.    MONITORING MANDATORY TRAINING ATTENDANCE

All persons attending mandatory training pursuant to this Decree shall sign an acknowledgment of his or her attendance at the training, the date of the training, and his or her position with the Company.  Defendant shall provide a copy of these acknowledgements, as well as a list of all employees who were not able to complete mandatory training, to the EEOC no later than forty-five (45) days after the training.

In the event an employee is unable to complete mandatory training, Defendant will arrange an alternative time for the employee to complete the training or review a video that has first been reviewed by the EEOC and will provide documentation of this viewing to the EEOC as part of its reporting obligations.

## VIII.   MONETARY RELIEF

Defendant shall pay Alina Sorling the total sum of $370,020.20 ("Settlement Amount") which represents backpay, front pay and compensatory damages.  One check, representing backpay and front pay shall be made payable to Alina Sorling in the amount of $148,008.08, less any deductions for the employee's portion of FICA and applicable federal, state and local tax withholdings.  Defendant shall issue an IRS Form W-2.  A separate check in the amount of $222,012.12, representing compensatory damages, shall be made payable to MetLife Assignment Company, Inc. to fund future periodic payments payable to CPT Institute as Trustee FBO Alina Sorling and shall be designated as "other income" on IRS Form 1099.  Defendant shall also issue another separate check made payable to "The TRE Legal Practice Attorney Client Trust Account" in the amount of $199,979.80 for attorney's fees. Defendant shall issue an IRS Form 1099 designating the attorney's fees as "other income".  The three separate checks shall be delivered by means of certified mail, return receipt requested within thirty (30) days of the entry of this Decree. Sorling will provide to Defendant the address where the settlement checks shall be sent within five (5) days of entry of this Decree.

Defendant will provide photocopies of the checks, IRS forms and related correspondence to counsel for the EEOC electronically to EEOC-SFDO_COMPLIANCE@eeoc.gov, simultaneously with the mailing of the checks.

11

**IX.     NON-MONETARY RELIEF FOR ALINA SORLING**

Defendant shall purge from Alina Sorling's personnel file all references to her EEOC charge of discrimination and the instant litigation.

Defendant shall change Alina Sorling's official reason for leaving her employment, as reflected in her personnel file or any other documentation retained by Defendant, to voluntary separation.

Defendant shall advise all prospective employers seeking a reference check regarding Alina Sorling to contact The Work Number via http://www.theworknumber.com or 800-367-5690 and Defendant shall not provide any information about Sorling which could indicate that she brought a discrimination charge or claim against Defendant or that the EEOC and Sorling filed suit based on the charge.  Defendant will not inform any prospective employers that it discharged Sorling due to a disability or medical condition.

Defendant shall keep a record of any references provided to prospective employers, including the date the reference was requested, the name of the employer requesting the reference, the date the reference was given, the person who provided the reference and whether it was provided in writing or by telephone.  Defendant shall provide a copy of this record to the EEOC upon request.

Defendant shall not condition the receipt of monetary or non-monetary relief for Ms. Sorling on her agreement to (a) maintain as confidential the terms of this Decree, or (b) waive her statutory right to file a charge with any government agency.

**X.     NOTICE**

Within sixty (60) days after entry of this Decree, Defendant shall post for the duration of this Decree, in a prominent place frequented by employees at its Mercy Medical Center Redding location, the notice attached as Exhibit A.  The notice shall be the same type, style, and size as Exhibit A.  The notice shall remain posted throughout the duration of the Decree and shall be replaced if it is removed or becomes defaced.  Defendant shall certify to the EEOC in writing that the Notice has been posted and the location of the posting within ten (10) days of posting.

**XI.     COMPLIANCE AND REPORTING**

Within sixty (60) days of the entry of this Consent Decree, Defendant will provide the EEOC

with a copy of the letter advising its employees of their rights under the ADA as required by Section V above.

Within seventy (70) days of the entry of this Consent Decree, Defendant will provide notice to the EEOC that it has posted Exhibit A and the location of the posting, as required by Section VIII above.

Within sixty (60) days of the entry of this Consent Decree, Defendant will provide the following training documents as required by Section V.E to the EEOC:  1) a copy of its on-line ADA training module for employees; 2) a copy of its ADA training program for officials making reasonable accommodation determinations; and 3) the identity and resume of trainer(s).

Within thirty (30) calendar days of the training prescribed by Sections V.E, Defendant shall certify to the EEOC that it has trained employees in accordance with Sections V.E(1), E(2) and E(3). Every six (6) months thereafter, Defendant will provide certification that it has trained employees as mandated by Section V.E.

Within six (6) months of the entry of this Consent Decree, and every six (6) months thereafter, Defendant will provide the EEOC a copy of the record of employer referrals for Alina Sorling, as required by Section  IX above.

Within one hundred fifty (150) days of the entry of this Consent Decree, and no later than thirty (30) days after Defendant provides its mandatory in-person ADA training program for managers, Defendant will provide to the EEOC copies of the acknowledgments of attendance signed by the managers in attendance at these trainings, as required by Section V.E. above.

Within six (6) months after the entry of this Consent Decree, and every six (6) months thereafter until the expiration of the decree, Defendant shall provide the EEOC reports in searchable format, such as an Excel spreadsheet, containing the following information:

1.      The identity of or, when appropriate, an employee identifier for each applicant or employee at Defendant's Mercy Medical Center Redding location who requested an accommodation for a disability or impairment.  For each individual, provide the date of the accommodation request, the date of disposition of the request, and a summary describing the

accommodation sought, any alternative accommodations offered, the accommodation, if any that Defendant provided and, if the request was denied, an explanation of the reasons for the denial.  If Defendant denied the request due to undue hardship or direct threat, the explanation must demonstrate Defendant's consideration of the factors required by ADA regulations.

2.     For each individual identified pursuant to the preceding paragraph, explain whether the individual's employment status has changed in any respect since the Defendant became aware of the individual's need for an accommodation (for example, termination, demotion, promotion, transfer or reassignment, or reduction or increase in hours, i.e., full-time or part-time).  For each individual whose status changed, provide a statement summarizing why the employment status changed.

3.     For each individual identified in the preceding paragraphs 1 and 2, their names, home addresses, home and cell phone numbers, and email addresses upon request by the EEOC.

4.     If Defendant does not have any activity to report during the reporting period, Defendant should still submit a statement to the EEOC certifying that it has not received any accommodation requests.

5.     Upon the EEOC's request, Defendant shall also provide copies of the documents generated as part of Defendant's disposition of any request for accommodation and Defendant's resolution of the accommodation request.  Defendant shall submit the documents to the EEOC within thirty (30) days of the EEOC's request.

Within six (6) months after the entry of this Consent Decree, and every six (6) months thereafter until the expiration of the Decree, Defendant shall notify the  EEOC regarding any lawsuit, alleging that Defendant's Mercy Medical Center Redding location has violated Title I of the ADA by excluding or discharging an applicant or employee because of a medical condition or the symptoms related to that condition, or by using qualification standards or other selection criteria that screen out or tend to screen out people with disabilities or that are not otherwise consistent with business necessity.  This notice shall include a description of the nature of the litigation, and the name of the individual filing the litigation.

1  Defendant shall submit all reports, documents or information required under the terms of this

2  Consent Decree to the EEOC electronically to EEOC-SFDO_COMPLIANCE@eeoc.gov.

3  **XII.    EXPIRATION OF CONSENT DECREE AND CONTINUED JURISDICTION**

4  This Court shall retain jurisdiction over this action during the duration of this Decree for the

5  purpose of entering all orders, judgments and decrees that may be necessary to implement the relief

6  provided herein.  The procedures described below are not intended to diminish this Court's inherent

7  power to enforce any provision of this Decree.

8  This Consent Decree shall expire three (3) years after its entry by the Court, provided that

9  Defendant has complied substantially with the terms of this Decree. All of the above-referenced

10  sections (IV – XI) are for the three (3) year duration of the Consent Decree.

11  Defendant will be deemed to have complied substantially if the Court has not made any

12  findings or orders during the term of the Consent Decree that Defendant has failed to comply with any

13  term of this Decree.

14  If the EEOC has reason to believe that Defendant has failed to comply with any provision of

15  this Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree.

16  Prior to initiating such petition or action, the EEOC will notify Defendant, in writing, of the nature of

17  the alleged breach of the Decree.  Defendant shall have sixty (60) days from receipt of the EEOC's

18  written notice of the alleged breach to resolve or cure the alleged material breach.  The sixty-day

19  period following written notice shall be used by the parties in good faith to resolve the issue.  If, after

20  sixty (60) days have passed with no resolution or agreement to extend the time further, the EEOC may

21  petition or bring an action before this Court for compliance with this Decree.  If the EEOC petitions

22  the Court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the

23  Court may extend the duration of the Consent Decree.

24  **XIII.  MODIFICATION AND SEVERABILITY OF THE DECREE**

25  No waiver, modification or amendment of any provision of this Decree shall be effective unless

26  made in writing, approved by all parties to this Decree, and approved by or ordered by the Court.  The

27  Parties shall use their best efforts to support and defend this Decree from any legal challenge whether

28

by appeal, collateral attack, or objection.

The Parties may jointly agree to propose any modification to this Decree to the Court.  Any such modification must be in writing, agreed to by the Parties, and ordered by the Court.

Whenever possible, each provision of this Decree will be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event that, subsequent to the Court's entry of the Decree, any provision of this Decree should be determined to be or rendered unenforceable on collateral review, all other provisions and terms of this Decree and the application thereof to all persons and circumstances subject thereto will remain unaffected to the extent permitted by law.

Dated: September 13, 2019         //s// Marcia L. Mitchell
                                  ROBERTA L. STEELE
                                  MARCIA L. MITCHELL
                                  AMI SANGHVI
                                  Attorneys for Plaintiff EEOC

Dated:  September 13, 2019        //s// Anthony L. Martin
                                  //s// Chambord V. Benton-Hayes
                                  ANTHONY L. MARTIN
                                  DANIELLE OCHS
                                  CHAMBORD V. BENTON-HAYES
                                  Attorneys for Defendant

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence for the filing of this document has been obtained from all other signatories.

Dated: September 13, 2019         //s// Marcia L. Mitchell
                                  MARCIA L. MITCHELL

                                  Attorney for Plaintiff EEOC

IT IS SO ORDERED:

Dated:  September 18, 2019        HON. CHARLES R. BREYER
                                  United States District Court Judge

16

# EXHIBIT A

1

## NOTICE TO EMPLOYEES

2

3

4

5

The U.S. Equal Employment Opportunity Commission (EEOC), Alina Sorling and Dignity Health d/b/a Mercy Medical Center, Redding (MMC) have successfully resolved a disability discrimination lawsuit (EEOC and Sorling v. Dignity Health d/b/a Mercy Medical Center, Redding, No. 4:18-cv-04135-CRB)(N.D.CA).  Judge Charles R. Breyer approved the Consent Decree and this Notice.

6

7

The American With Disabilities Act (ADA) makes it unlawful for an employer to refuse to hire or otherwise exclude or disqualify any applicant or employee based on their medical condition or related symptoms without first:

8

9

1.      Determining whether there is a reasonable accommodation that will enable the applicant or employee to perform the essential functions of the job s/he seeks or holds;

10

2.      Performing an assessment of whether the applicant poses a direct threat using an assessment process and decisional criteria that comply with the ADA;

11

3.      Considering whether there are any reasonable accommodations available that could eliminate or significantly reduce any perceived safety risk to an acceptable level.

12

13

14

15

16

MMC is fully committed to complying with the ADA.  To that end, MMC has taken steps to remind and train employees responsible for determining whether an employee is entitled to a reasonable accommodation about their legal obligations and responsibilities. MMC will swiftly respond to any such acts of discrimination about which it becomes aware; will impose appropriate discipline designed to deter future acts of discrimination, harassment or retaliation; and will actively monitor its workplaces to ensure that its facilities are free from employment discrimination.

17

18

19

20

Any employee who feels that he or she has been the subject of discrimination, harassment or retaliation should bring it immediately to the attention of his or her supervisor or to the Director of Human Resources.  MMC will not retaliate against an applicant or employee who makes a complaint of discrimination or who contacts the EEOC or its state counterpart, the Department of Fair Employment and Housing.

21

22

23

24

Individuals are free to make complaints of employment discrimination directly to the EEOC. The EEOC enforces the federal laws prohibiting employment discrimination. More information about the EEOC is available at www.eeoc.gov or (800) 669-4000/(800) 699-6820 (TTY for Deaf/Hard of Hearing callers only).  The nearest EEOC office is in San Francisco at 450 Golden Gate Ave., 5th Floor West.

25

DATED: _____          _____

26

27

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

28

DO NOT REMOVE THIS NOTICE UNTIL: _____.